IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ERIN WILSON, on behalf of herself and others similarly situated, | Case No. |
| Plaintiff, | |
| v. | |
| VANDE AYURWELL, LLC | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Erin Wilson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to

strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have

suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Vande Ayurwell, LLC ("Defendant") made telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff is a natural person who at all relevant times resided in this District.

7. Defendant is a limited liability company headquartered in Smyrna, Cobb County, Georgia which is also located within this District.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were sent from and received in this District.

## BACKGROUND

10. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

14. Plaintiff is the regular and sole user of telephone number (404) XXX-XXXX.

15. Plaintiff uses telephone number (404) XXX-XXXX as a personal residential number.

16. Plaintiff does not have a landline.

17. Plaintiff has no other telephone numbers she uses for personal purposes.

18. Plaintiff has a personal telephone plan through T-Mobile, which is paid for by the Plaintiff.

19. Plaintiff does not use telephone number (404) XXX-XXXX for business or commercial purposes.

20. Plaintiff registered telephone number (404) XXX-XXXX with the DNC Registry on June 19, 2024.

21. On October 9, 2025, Plaintiff's privacy was interrupted by two unsolicited telemarketing calls from Defendant.

22. Plaintiff first received a text message from (380) 268-8855 from Ayurveda Wellness soliciting their services and directing Plaintiff to their website: www.vandewellness.com.

23. That same day, Plaintiff received a missed call from the same telephone number, (380) 268-8855.

24. The telephone number did not display any caller identification information.

25. On October 10, Plaintiff called (380) 268-8855 in an effort to obtain the purpose of their prior calls and also request they not call back.

26. An agent answered the call and avoided answering Plaintiff's inquiry as to why they contacted her the day prior.

27. The agent repeatedly asked if Plaintiff was "Sheth."

28. Plaintiff ended the call by stating she was not "Sheth," she did not sign up for of their programs or marketing materials, and asked that she not be contacted again.

29. Defendant is a company that operates a partner/affiliate-program. Their website invites wellness practitioners and centers to partner with them, in exchange for being featured on their website and in marketing materials.

30. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have her up for Defendant's wellness services.

31. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

32. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also

occupied Plaintiff's and class members' telephone lines from legitimate communication.

## CLASS ACTION ALLEGATIONS

33. Plaintiff seeks certification of the following Class pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

35. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a)   Whether Defendant's conduct violated the TCPA; AND

   (b)   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in class actions. The Plaintiff have no interests antagonistic to those of the Class, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Class and as wholes, thereby requiring the Court's imposition of uniform relief

to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff' challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

39. Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

40. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

41. The Defendant's violations were negligent, willful, or knowing.

42. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

43. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate,

finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.   Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 30th day of October, 2025.

>  */s/ Valerie Chinn*
> Valerie Chinn, Georgia Bar No. 248468
> Attorney at Law
> CHINN LAW FIRM, LLC
> 245 N. Highland Ave.
> Suite 230 #7
> Atlanta, GA 30307
> Direct:  404-955-7732
> Facsimile:  404-745-8605
> Email:  vchinn@chinnlawfirm.com
>
> Anthony I. Paronich *
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> Tel: (617) 485-0018
> anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

*\* Pro hac vice application to be filed*